[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2006
THOMAS K. KAHN
CLERK

No. 05-10930
Non-Argument Calendar

_____

D. C. Docket No. 03-20910-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMERSON PETION,
a.k.a Nasser Ghelichkhani,
a.k.a. Roberto Saillant,
a.k.a Donald Stirrup,
a.k.a. Avdat Beaulaire,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 21, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

A Southern District of Florida grand jury indicted appellant, an alien, on three counts of falsely representing himself to be a citizen of the United States, in violation of 18 U.S.C. § 911. He pled not guilty to all counts and stood trial. The jury convicted him as charged, and the district court sentenced him to three concurrent prison terms of 24 months. He now appeals his convictions, contending that the evidence was insufficient to make out the § 911 offenses because the Government failed to offer the necessary corroboration of his admissions to being an alien, in that it did not (1) introduce independent evidence of the corpus delicti, or (2) introduce independent evidence supporting the trustworthiness of the admissions.

Our predecessor court held that a confession or an admission, standing alone, is insufficient to sustain a conviction. See Wyatt v. United States, 263 F.2d 304, 308 (5th Cir. 1959). In other words, in addition to the admission of guilt, the government must also introduce substantial independent evidence that would tend to establish the trustworthiness of the admission, making it reliable and thus corroborating it. Opper v. United States, 348 U.S. 84, 93, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954).

Here, the Government presented such independent evidence, to-wit: (1) appellant's previous criminal conviction for impersonating an American citizen,

(2) statements he made on his application for asylum and during his deportation proceeding, admitting his Bahamian nationality, and (3) an order removing him to the Bahamas. Given this, in addition to the other evidence before the jury including his admissions, we are satisfied that a reasonable jury could find that appellant was not a U.S. citizen.

AFFIRMED.